In the Matter of the Application of the COUNTY of SUFFOLK, Petitioner, for an Order of Certiorari against THE WATER POWER AND CONTROL COMMISSION (a Division of the Conservation Department of the State of New York), Respondent.

MORTIMER D. METCALFE and Others, Individually and as Constituting the Suffolk County Water Authority, Intervening Respondents.

Third Department, June 27, 1935.

*M. E. Harby,* for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor General,* and *Charles E. McManus, Assistant Attorney-General,* of counsel], for the respondent.

*Stoll & Lynde* [*H. Wilford Leavy* and *Edwin R. Lynde* of counsel], for the intervening respondents.

HILL, P. J.  This is a review, under an order of certiorari, of the proceedings of the State Water Power and Control Commission wherein it granted consent for the creation of a county water authority in Suffolk county.  The proceedings were had and the consent given under chapter 847 of the Laws of 1934.  "Section 1. The board of supervisors of any county may, by resolution, with the consent of the water power and control commission of the state of New York, create a county water authority which shall be known as ................ county water authority, inserting the name of such county creating such authority."  The act further provides, in part, that the authority created by any county shall be " a body corporate and politic constituting a public benefit corporation." It is authorized to acquire real property by purchase or condemnation for its corporate purposes and generally to develop sources of water supply, to conserve and distribute potable water by distribution systems, and to negotiate its bonds for corporate purposes. The board of supervisors is required to provide funds for the preliminary expenses of the authority.

The board of supervisors of Suffolk county, on June 25, 1934, adopted a resolution wherein by many preambles the urgent necessity for water conservation within that county was recited, and whereby the Suffolk County Water Authority was created.  The resolution, in accordance with the act, named three persons to constitute the authority, fixed their terms of office, appropriated $25,000 for preliminary expenses and directed the clerk of the board to request the Commission to consent to the creation of the Suffolk County Water Authority.  Accordingly the clerk presented the request, hearings were held by the Commission and the consent given on January 23, 1935.  In the interval between the adoption of the resolution of June 25, 1934, and the granting of the consent, the board of supervisors adopted a resolution reducing the appropriation for preliminary expenses to $8,000 and named a successor to the chairman of the authority, who had died, and by another resolution filled a vacancy caused by the resignation of one of the members of the authority.  Following these three resolutions and on December 27, 1934, the board of supervisors adopted a resolution: " *Resolved,* that the resolution adopted by the board of supervisors on the 25th day of June, 1934, creating the Suffolk County Water

Authority be rescinded and that the Water Power and Control Commission be notified that Suffolk county wished to withdraw the application for consent to create such Water Authority at this time." The Commission states in its decision: " The Commission believes that a water authority conversant with local conditions and able to take informed and effective action is required for the protection of the interests of the people of Suffolk county from unjustifiable further encroachments on the ground water supplies of Suffolk county. The Commission believes that it should consent to the formation of a county water authority for Suffolk county leaving to the courts the question of the validity of the conflicting resolutions of the Board in this matter." The return justifies this statement as to the necessity for the conservation and protection of the water supply in Suffolk county and generally on Long Island. We are asked to decide whether the determination of the Commission to grant its consent should be annulled or confirmed.

The State has the power and it is its duty to control and conserve its water resources for the benefit of the public. In the exercise of this power, the State acts through the Legislature, as the conservation or diversion of waters is a legislative function. (*Trenton* v. *New Jersey*, 262 U. S. 182, 185; *Matter of Board of Water Supply*, 211 N. Y. 174; *People ex rel. Burhans* v. *City of New York*, 198 id. 439.) As obiter, feeling that the question is not presented and only because of the briefs and arguments of counsel, I express the view that as the conservation and diversion of potable water is a legislative function, " The legislative discretion * * * necessarily extends to the entire legislative process, embracing the method used in reaching the legislative determination as well as that determination itself." (*Los Angeles Gas Corp.* v. *Railroad Commission*, 289 U. S. 287, 304.) And as the board of supervisors and the State Commission act under delegated authority from the Legislature, their methods and acts are legislative. The supervisors took advantage of the statute, did all the prescribed things in order to create the corporate authority, and invited the Commission to grant its consent. This was the method indicated by the Legislature. The question here presented is, when the supervisors about faced and adopted a rescinding resolution, was the Commission deprived of its authority to proceed with the hearings and to make a determination? The Legislature had delegated dual control. The investigation and concern of the supervisors would not extend beyond their own county boundaries. In the development of sources, the impounding and distribution of potable water, consideration must be given to interests and rights irrespective of county lines. These interests and rights should be considered and passed upon by

those whose authority is not bounded by county lines. The statute indicates a legislative intent that the supervisors consider county interests and the Commission the interests of all who may be concerned within or without the county. The action by one body was not a condition precedent to the act of the other, unless the statute so prescribed. The language of the act governs. (*Matter of City of Long Beach* v. *Public Service Commission,* 249 N. Y. 480; *New York, O. & W. R. Co.* v. *Griffin,* 235 id. 174.) Nothing in the language of the act requires that the Commission must be motivated by previous action of the board of supervisors. The county creates the authority; the consent that it be created may be given by the Commission in advance of action by the county authorities.

Our decision is that in the event it should be determined ultimately that the authority created by the first resolution was not abolished and the corporation not dissolved by the rescinding resolution, then the consent is presently operative and the authority may function. Should it be determined that the rescinding resolution did abolish the authority created by the first resolution and dissolve the corporation, then the consent of the Commission will be operative when and if an authority is created hereafter.

The determination should be confirmed, with fifty dollars costs and disbursements.

RHODES, MCNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.